

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
ATTORNEY GENERAL

Hon. W. A. Morrison
Criminal District Attorney
Cameron, Texas

Opinion No. O-2155
Re: Does Article 2968a require persons not residing in a city of 10,-000 or more who are exempt from payment of poll tax because of non-age to obtain certificates of exemption in order to be entitled to vote.

Dear Sir:

We acknowledge receipt of your letter in which you submit the following questions for the opinion of this Department:

"A. Can a person who attained the age of 21 years during the year 1939 and before the first day of January, 1940, vote in the 1940 elections without first having obtained from the Tax Collector of the county of his residence a certificate of exemption from the payment of a poll tax?

"B. Can a person attaining the age of 21 years after the first day of January, 1940, and before the day of a following election vote in such election without having obtained a certificate of exemption from the payment of a poll tax?"

You state in your letter that you have read a synopsis of our Opinions O-414 and O-1741, but that you are unable to follow the reasoning in Opinion No. O-414 to the effect that Article 2969 was repealed by implication by the passage of Article 2968a, and request an original opinion as to Milam County answering both of the above inquiries separately. You further state that Milam County does not contain within its boundaries a city with a population of 5,000 or over.

Article 2969, Revised Civil Statutes, 1925, enacted by the First Called Session of the 29th Legislature, 1905, and amended by the Second Called Session of the 39th Legislature, 1923, reads as follows:

"Every person who will reach the age of twenty-one years after the first day of January and before the day of a following election at which he or she wishes to vote, and who possesses all the other qualifications of a voter under the Constitution and laws of Texas shall be entitled to vote at such election, and it shall not be necessary for such person to have paid a poll tax or to have obtained a certificate of exemption in order to entitle such person to vote at such election. If the right of such person to vote is challenged on the ground of non-age, if such

person shall make affidavit that he or she, has
attained the age of twenty-one years on the day of
such election, such person shall be entitled to
vote at such election upon filing such affidavit
with the judge of election. This law shall not ap-
ply to cities having a population of five thousand
or more according to the preceding Federal census."

The above quoted statute clearly applies to and affects
all persons, except those residing in a city of 5,000 inhabitants,
or more, not subject to the payment of a poll tax because of non-
age, but who are otherwise qualified electors, who will reach the
age of 21 years after the first day of January and before the day
of a following election at which he or she wishes to vote, and
provides that such persons may vote at such election without hav-
ing paid a poll tax or obtained a certificate of exemption.

Article 2968a, Revised Civil Statutes, enacted by the
44th Legislature, 1935, reads in part as follows:

"Every person not subject to the disqualifications
set out in Article 2954 of the Revised Civil Statutes
of 1925 who does not reside in a city of ten thousand
inhabitants or more, and who is exempt from the payment
of a poll tax by reason of the fact that he or she has
not yet reached the age of twenty-one years on the first
day of January preceding its levy, or who is exempt from
the payment of a poll tax because he or she was not a
resident of the State on the first day of January preced-
ing its levy, but who shall have since become eligible
to vote by reason of length of residence or age, shall,
on or before the thirty-first day of January of the year
in which he or she offers to vote, obtain from the As-
sessor and Collector of Taxes for the county of his or
her residence a certificate of exemption from the payment
of a poll tax, and no such person who has failed or re-
fused to obtain such certificate of exemption from the
payment of a poll tax shall be allowed to vote."

As stated above, Article 2969, Revised Civil Statutes,
clearly provides that all persons, with certain exception, not
subject to the payment of poll tax because of non-age, who become
21 years of age after January 1 and before the day of a following
election, may vote at such election without having paid a poll
tax or obtained a certificate of exemption. However, the Beaumont
and the Austin Courts of Civil Appeals have held in recent deci-
sions that under the terms and provisions of Article 2968a such
persons may not vote unless they obtain a certificate of exemption
on or before January 31st of the year in which they offer to vote.
Rogers vs. Smith, et al., 119 S.W.(2d) 678; Clark vs. Stubbs, 131
S.W. (2d) 663.

In the case of Rogers vs. Smith, et al., supra, the Beaumont Court of Civil Appeals held that, in an election contest, the refusal on the part of the district court hearing same to count a vote by a party who became 21 years of age before an election held on April 3, 1937, and subsequent to January 1, 1937, was not error, where such voter failed to obtain from the tax assessor and collector a certificate of exemption, and that such person was not a qualified voter. As authority for this holding, the court cited Article 2968a, Vernon's Annotated Civil Statutes, Acts 1935, 44th Legislature, page 686, chapter 292, section 1.

The holding of the Austin Court of Civil Appeals in the case of Clark vs. Stubbs, supra, is the same as that of the Beaumont Court of Civil Appeals in the case of Rogers vs. Smith, et al. We quote from the opinion as follows: (at page 666)

"Appellee challenged the votes of Nell Rose Morrisey, Jess Dyer, Lillie Gibson, Wilbur Herwig, Louise Widerbrush, Mrs. Bowman Daniel, Clinton Jacobs, and Willis Blackburn, because each of them became 21 years of age after January, 1938, and prior to November 8, 1938, and under the governing statute, therefore, they were not entitled to vote without an exemption certificate. Art. 2968a, Vernon's Ann. Civ. St., Acts of 1935, 44th Leg. p. 686, Chap. 292, Sec. 1, provides that each of the voters in question was required to obtain an exemption certificate before he or she would be entitled to vote. Neither of them obtained such a certificate. The statute is mandatory and these voters were not qualified to vote at the election, and the trial court correctly excluded all of such votes." (Underscoring ours)

It therefore appears that Article 2968a applies to and affects all persons, except those who reside in cities having 10,000 inhabitants or more, not subject to the payment of a poll tax because of age, but who are otherwise qualified electors under the Constitution and laws of this State, and provides that such person shall not be allowed to vote unless he or she obtains from the assessor and collector of taxes for the county of his or her residence a certificate of exemption on or before the thirty-first day of January of the year in which he or she offers to vote. In other words, regardless of the time a person becomes 21 years of age, this statute requires all persons who are not subject to the payment of a poll tax, because of non-age, to obtain a certificate of exemption on or before January 31 of the year he or she wishes to vote in order to be qualified to vote, except those residing in cities of 10,000 or more inhabitants.

Hon. . A. Morrison, Page 4


Article 2958a, Revised Civil Statutes, also applies to and affects all persons exempt from the payment of a poll tax, because he or she was not a resident of the state on the first day of January preceding its levy. However, the questions propounded by you do not involve this class of voters, so we have dismissed them from consideration herein.

The effect of the opinions in the above cited cases is to hold that Article 2969 is in direct and irreconcilable conflict with Article 2968a. It follows therefore that Article 2969, enacted by the 29th Legislature, 1905, and amended by the 38th Legislature, 1923, is repealed by necessary implication by Article 2968a which was enacted by the 44th Legislature in 1935. Martin vs. Sheppard, 129 Tex. 110, 102 S.W.(2d) 1036; Townsend vs. Terrell, 118 Tex. 463, 16 S.W. (2d) 1063; Regazine vs. State, 47 Tex. Cr. R. 46, 84 S.W. 832; St. Louis Southwestern Ry. Co. vs. Hay, 85 Tex. 558, 22 S.W. 665; Attorney General Opinion No. O-414.

This opinion does not in any way attempt to construe Article 2968, which applies only to residents of cities having a population of 10,000 or more inhabitants.

It follows from what has been said above that in our opinion each of the questions propounded by you should be answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Tom D. Rowell, Jr.

Tom D. Rowell, Jr., Assistant

TDR:AH:wb

APPROVED JUN 29, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN